# Singer Sewing Machine Co. *v.* Methvin.

### *Damages for Assault and Battery.*

(Decided December 18, 1913.   63 South. 997.)

1. *Appeal and Error; Harmless Error.*—The refusal to strike allegations of evidential matter from a complaint charging assault and battery was harmless, where such allegations were descriptive of a particular assault and battery, thus imposing on plaintiff the unnecessary burden of proving them as alleged, but putting no additional burden upon defendant.

2. *Pleading; Evidential Matter; Method of Reaching.*—The inclusion in a complaint of unnecessary evidential matter does not render the complaint demurrable, and the proper method of reaching it is by motion to strike.

3. *Same.*—Where matter proper of proof is included in the pleading it does not render such matter incompetent as evidence.

4. *Witnesses; Credibility.*—Where a witness stated that he neither knew that the woman he saw was plaintiff, nor that he saw only one woman, and was unable to identify plaintiff as such woman, it was not competent as affecting the credibility of plaintiff, to admit testimony of such witness as to the mental and physical condition of the woman whom witness saw at the house where the assault occurred unless the woman seen by the witness was the plaintiff.

5. *Damages; Evidence.*—Plaintiff having introduced proof of a mishap a few months after the assault and battery sued for, with expert opinion that it was probably caused thereby, defendant was entitled to show other prior happenings of the same thing to plaintiff.

6. *Assault and Battery; Defense; Frivolous Plea.*—A plea interposed as a waiver of right to maintain an action for assault and battery, committed in an attempt to collect for a machine sold plaintiff, setting up a contract of sale waiving all rights of action growing out of any attempt by defendant to secure possession of the machine, is frivolous.

7. *Same; Jury Question.*—Where the evidence was in conflict, it was a question for the jury whether there was an assault and battery.

8. *Same; Battery.*—Laying hands on one's person is a battery although no damage follows.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

[Singer Sewing Machine Co. v. Methvin.]

Action by Jane T. Methvin against the Singer Sewing Machine Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint follows the Code form. The matter alleged in addition seems to be a history of what transpired at the house when the agent went to get the machine, detailing not only the conversation between plaintiff and defendant's agent but also the acts of the agent. The pleas referred to set up in effect that the injuries occurred by reason of an attempt on the part of the representative to procure possession of the sewing machine mentioned in the complaint, after forfeiture under the contract under which said plaintiff had possession of the machine; and it is averred that plaintiff had expressly in writing waived any and all rights in action which she had or might have against the defendant growing out of or on account of any attempt on the part of defendant or its agent to secure possession of said machine.

GASTON & PETTUS, for appellant. The words used were not proper elements of damage, and the court erred in declining to strike them from the complaint.—*Singer M. Co. v. Taylor,* 150 Ala. 574; 10 Cyc. 1216; 13 Enc. P. & P. 30. The court erred in overruling demurrers to the complaint.—*Rogers v. Brooks,* 99 Ala. 31; *Patrick v. deBardelaben,* 90 Ala. 13; *Randolph v. Sharp,* 42 Ala. 271; 31 Cyc. 85. The court erred in sustaining demurrers to defendant's special pleas 3 and 4.—9 Cyc. 510-11, 543. The court erred in sustaining objection to questions to the witness Johnson as to whether or not the lady appeared to be calm, or as to how she did appear.—*B. R. L. & P. Co. v. Brascomb,* 124 Ala. 621; *Dominick v. Randolph,* 124 Ala. 557; *Burton v. State,* 107 Ala. 108. The connection of Richards with the

case was wholly immaterial, and all the evidence relative thereto should have been excluded.—*C. Ry. v. Vaughn*, 93 Ala. 209; *B. R. & E. Co. v. Clay*, 108 Ala. 234; *Richardson v. Stringfellow*, 110 Ala. 416. It is not the law that opprobrious epithets at the time of the assault may enter into and form an element of damage. —*Singer M. Co. v. Taylor, supra;* 10 Cyc. 1016; 13 Enc. P. & P. The compalint does not state a cause of action, and the affirmative charge should have been given.— *Petty v. Dill*, 53 Ala. 641; *Pulliam v. Schimpf*, 109 Ala. 182; *St. Clair v. Smith*, 112 Ala. 346. The complaint charged that the name of plaintiff's agent was unknown, and there was failure of proof as to this allegation.—*Brice's Case*, 60 South. 952; *George's Case*, 161 Ala. 421.

W. K. TERRY, and W. T. STEWART, for appellee. The court did not err in refusing to strike from the complaint the phrases complained of.—*Murdock v. State*, 65 Ala. 522; 39 Ind. 64; 67 Ind. 304. There was no misjoinder in the complaint.—*Vest v. Speakman*, 153 Ala. 396. Pleas 3 and 4 were frivolous and properly stricken. Counsel discuss other assignments of error, but without citation of authority.

MAYFIELD, J.—Appellee, a woman, sued appellant for an assault and battery by one of its agents in the attempt of the latter to collect a bill for the sale of a sewing machine.

The complaint followed the Code form but, not being content with that, set out a great deal of the evidence by which plaintiff proposed to prove the facts necessary to support the action. This is a bad form of pleading and is not to be encouraged. The pleadings should allege the facts only which are necessary and proper to

support the action or the defense, and not the evidence by which the facts are to be proven. The defendant properly moved the court to strike parts of the allegations; and the court would not have been in error if it had stricken some of the allegations; but it affirmatively appears that no injury resulted to the appellant on account of such rulings. The allegations, or some of them, being descriptive of a particular assault and battery, they devolved upon the plaintiff the duty only to prove them as alleged; in other words, they imposed an unnecessary burden upon the plaintiff and none on the defendant.

The defendant also demurred to the complaint on the same ground, which demurrer was properly overruled. As we have repeatedly held, such matter is not ground of demurrer; but the complaint should be purged of such matter by motion to strike. The particular matter here alleged, while not necessary or proper in the pleadings, was admissible in evidence under proper allegations; and as the evidence itself, some of it in hæc verba, was alleged, the plaintiff was not only authorized to prove it but was required to prove that which was descriptive of the particular offense or else fail on account of the variance.

There was therefore no error in overruling defendant's motion to exclude the evidence. When the unnecessary allegation is improper as proof as well as improper as pleading, and objection is interposed to the proof, then it is error not to exclude the evidence; but when, as here, it is proper as proof but not proper as pleading, it is of course not error to allow the proof, though the matter could and should have been expunged from the record proper on defendant's motion.

The defendant attempted to set up, as a defense to the action, a waiver of the right to maintain the action.

The waiver relied upon was a part of the contract of sale of the sewing machine. There was no error in sustaining the demurrer to these special pleas. They were obviously frivolous as a defense to the action alleged in the complaint.

The record teems with assignments of error. The defendant seems to have objected to nearly all the evidence offered by the plaintiff, interposing objections to nearly all the questions propounded to each witness, then moving to exclude the answer, and reserving an exception to each adverse ruling. Many of these objections and exceptions are too frivolous and captious to merit treatment or consideration. We will, however, treat those which merit consideration.

There was no error in declining to allow the witness to testify to the mental condition or the physical appearance of the woman he saw at the house in which the alleged assault and battery occurred. The witness had stated that he did not know whether it was the plaintiff whom he saw; and of course it was wholly irrelevant and immaterial to show the appearance of a third person who was not shown to be a party, a witness, or one interested in the suit. It was likewise wholly unimportant to prove the color of the horse driven by defendant's agent on the occasion in question, or the names of the parties for whom the witness Johnston was reading meters. It was not shown how such evidence would throw any light upon the disputed issues or affect the credibility of any of the witnesses. The evidence was offered, no doubt, to show that the plaintiff, on the occasion in question, was so angry, excited, frantic, that she could not and did not observe all that happened and did not relate accurately that which did happen. In other words, the evidence was offered to affect the credibility of the plaintiff as a witness in her

own behalf. But, as we have stated, the witness had stated that he did not know that the woman whom he saw was the plaintiff, nor that he saw only one woman. The plaintiff was present in court, and the witness failed to identify her as the woman he saw at the house on the occasion in question.

We are of the opinion, however, that the court erred to the prejudice of defendant in declining to allow the defendant to prove by Dr. Ward the physical condition of the plaintiff when she had had a miscarriage, about nine months before the alleged assault. The plaintiff was allowed to prove that she had suffered a miscarriage a few months after the time of the alleged assault and battery, and to prove by an expert physician, Dr. Hogan, who had then attended her, that the miscarriage could have been, and probably was, caused or induced by the assault and battery. It was also shown that the plaintiff had suffered other miscarriages, which were not induced or caused by fright or excitement, as testified to by her and Dr. Hogan. Dr. Ward was shown to have attended her, as physician, on two occasions of miscarriage, including the one of the miscarriage which she claimed to have been induced by or to have resulted from the alleged wrongs of the defendant's agent.

We think it was therefore competent for the defendant to prove that other miscarriages had happened at about the same period of gestation as the one in question, and that the plaintiff's physical and mental condition were about the same on each occasion. This evidence, we think, would have a tendency to prove that the miscarriage was due to causes other than the wrongs alleged and to disprove the testimony of the plaintiff and the opinion of Dr. Hogan that the miscarriage was or might have been induced by the assault and battery alleged,

and therefore, to corroborate the opinion of Dr. Ward, that the miscarriage was not the result of the assault and battery but was the result of causes for which the defendant was not liable. There was evidence to the effect that as to some women there is such a thing as habitual miscarriage, which usually happens at or about the same period of pregnancy.

There was evidence offered by the defendant to prove, or having the tendency to prove, that the miscarriage was due to natural or physical causes for which the defendant was not liable in damages (in other words, that it was not the result of the assault and battery alleged to have been committed against plaintiff by defendant's agent) ; but the court declined to allow its introduction. We think that this evidence was proper for the consideration of the jury, in connection with all the other evidence. The trial court may have erred in its rulings declining to allow the defendant to make other proofs at certain stages of the trial; but these errors were subsequently cured, except in the instances above pointed out.

The excerpts from the oral charge, standing alone, would be erroneous; but, taken in connection with other portions of the charge and with the written charges, we do not think that they or either one of them was erroneous in such sense or degree as to authorize a reversal. Under the evidence in this case, it was a question for the jury whether or not the assault was proven as alleged; there was certainly evidence tending to prove each material allegation; and the amount of damages, if any were recoverable, was also a question for the jury. The court did not err, therefore, in refusing to instruct affirmatively for the defendant in any of the various forms in which such charges were requested.

Counsel for the defendant, we think, are in error in their contention that the evidence did not tend to show any assault, much less a battery. We think the evidence did tend to show both. Of course the evidence was very much in conflict, but that made it all the more a question for the jury whether or not the case was proven as alleged.

As to what acts will constitute a battery in a case like this, the rule is well stated by Mr. Cooley in his work on Torts. He says: "A successful assault becomes a battery. A battery consists in an injury actually done to the person of another in an angry or revengeful or rude or insolent manner, as by spitting in the face, or in any way touching him in anger, or violently jostling him out of the way, or in doing any intentional violence to the person of another. The wrong here consists, not in the touching, so much as in the manner or spirit in which it is done, and the question of bodily pain is important only as affecting the damages. Thus, to lay hands on another in a hostile manner is a battery, although no damage follows; but to touch another, merely to attract his attention, is no battery and not unlawful. And to push gently against one, in the endeavor to make way through a crowd, is no battery; but to do so rudely and insolently is and may justify damages proportioned to the rudeness. Where the defendant was licensed to enter the plaintiff's outer door for the purpose of delivering milk and, in disregard of a command not to enter his sleeping room, did so and took hold of the plaintiff to wake him up in order to present a bill, it was held to be an assault and battery."—Volume 1, pp. 281, 282.

Under the evidence, we think this was certainly a case for the jury to say whether or not there had been an assault and battery as alleged. For the errors point-

ed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

Dowdell, C. J., and Anderson and de Graffenried, JJ., concur.