150 So. 709

**WESTERN UNION TELEGRAPH CO. v. HILL.**

**8 Div. 690.**

Court of Appeals of Alabama.

June 30, 1933.

Rehearing Denied Sept. 12, 1933.

Griffin & Ford, of Huntsville, for appellee.

Cabaniss & Johnston, of Birmingham, and Cooper & Cooper, of Huntsville, for appellant.

SAMFORD, Judge.

The action in this case is based upon an alleged assault on the person of plaintiff's wife by one Sapp, an agent of defendant in charge of its office in Huntsville, Ala. The assault complained of consisted of an attempt on the part of Sapp to put his hand on the person of plaintiff's wife coupled with a request that she come behind the counter in defendant's office, and that, if she would come and allow Sapp to love and pet her, he "would fix her clock."

The first question that addresses itself to us is, Was there such an assault as will justify an action for damages?

Blackstone's definition of an assault is: "An attempt or offer to beat another, without touching him; as if one lifts up his cane or his fist in a threatening manner; or strikes at him but misses him." As observed by Gaynor, J., in Prince v. Ridge, 32 Misc. 666, 66 N. Y. S. 454, this is not a complete definition, but is sufficient to serve as an illustration of the nature of an assault which will support an action.

In this state an assault and battery is: "Any touching by one person of the person of another in rudeness or in anger." Seigel v. Long, 169 Ala. 79, 53 So. 753, 754, 33 L. R. A. (N. S.) 1070; Jacobi v. State, 133 Ala. 17, 32 So. 158.

While every battery includes an assault, an assault does not necessarily require a battery to complete it. What it does take to constitute an assault is an unlawful attempt to commit a battery, incomplete by reason of some intervening cause; or, to state it differently, to constitute an actionable assault there must be an intentional, unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented. 5 Corpus Juris, 615 (1); Prince v. Ridge, 32 Misc. 666, 66 N. Y. S. 454.

Solicitation by a man to a woman for intercourse unaccompanied by an assault is not actionable. Davis v. Richardson, 76 Ark. 348, 89 S. W. 318; Reed v. Maley, 115 Ky. 816, 74 S. W. 1079, 62 L. R. A. 900, 2 Ann. Cas. 453. Insulting words used when not accompanied by an assault are not the subject of an action for damages. Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516.

What are the facts here? Sapp was the agent of defendant and the manager of its telegraph office in Huntsville. Defendant was under contract with plaintiff to keep in repair and regulated an electric clock in plaintiff's place of business. When the clock needed attention, that fact was to be reported to Sapp, and he in turn would report to a special man, whose duty it was to do the fixing. At 8:13 o'clock p. m. plaintiff's wife reported to Sapp over the phone that the clock needed attention, and, no one coming to attend to the clock, plaintiff's wife went to the office of defendant about 8:30 p. m. There she found Sapp in charge and behind a desk or counter, separating the public from the part of the room in which defendant's operator worked. The counter is four feet and two inches high, and so wide that, Sapp standing on the floor, leaning against the counter and stretching his arm and hand to the full length, the end of his fingers reaches just to the outer edge of the counter. The photographs in evidence show that the counter was as high as Sapp's armpits. Sapp had had two or three drinks and was "still slightly feeling the effects of whisky; I felt all right; I felt good and amiable." When plaintiff's wife came into the office, Sapp came from towards the rear of the room and asked what he could do for her. She replied: "I asked him if he understood over the phone that my clock was out of order and when he was going to fix it. He stood there and looked at me a few minutes and said: 'If you will come back here and let me love and pet you, I will fix your clock.' This he repeated and reached for me with his hand, he extended his hand toward me, he did not put it on me; I jumped back. I was in his reach as I stood there. He reached for me right along here (indicating her left shoulder and arm)." The foregoing is the evidence offered by plaintiff tending to prove an assault. Per contra, aside from the positive denial by Sapp of any effort to touch Mrs. Hill, the physical surroundings as evidenced by the photographs of the locus tend to rebut any evidence going to prove that Sapp could have touched plaintiff's wife across that counter even if he had reached his hand in her direction unless she was leaning against the counter or Sapp should have stood upon something so as to elevate him and allow him to reach beyond the counter. However, there is testimony tending to prove that, notwithstanding the width of the counter and the height of Sapp, Sapp could have reached from six to eighteen inches beyond the desk in an effort to place his hand on Mrs. Hill. The evidence as a whole presents a question for the jury. This was the view taken by the trial judge, and in the several rulings bearing on this question there is no error.

The next question is, Was the act of Sapp towards Mrs. Hill, plaintiff's wife, such as to render this defendant liable under the doctrine of respondeat superior? It is admitted that at the time of the alleged assault Sapp was the manager of defendant's office in Huntsville; that he was in and about his master's business incident to that office; that a part of the business of defendant was the regulation and keeping in repair an electric clock in the store of plaintiff; that it was a part of Sapp's duties to receive notice of any necessary repairs and to report them to the proper servant or agent for attention; that it was not a part of Sapp's duty to repair the clock, though he sometimes had set the hands at the proper time; that Mrs. Hill had telephoned Sapp reporting the clock for attention; that, no one responding to fix the clock, she went to defendant's office and there found Sapp, who, being under the influence of liquor, made a proposal to plaintiff's wife that, if she would come behind the counter and let him pet and love her, he would fix her clock, coupled with evidence justifying the finding that the foregoing facts were accompanied by a technical assault.

The defendant is a public service corporation, maintaining open offices for the transaction of its business with the public. In these offices are placed managers, who, within the line and scope of their authority, are the alter ego of the corporation. People entering these offices are entitled to courteous treatment, and if, while transacting the business of the corporation with the agent, an assault is made growing out of, or being related to, the business there in hand, the corporation would be liable. Gassenheimer v. Western Ry., 175 Ala. 319, 57 So. 718, 40 L. R. A. (N. S.) 998. But the assault in this case, if

committed, was clearly from a motive or purpose solely and alone to satisfy the sensuous desires of Sapp, and not in furtherance of the business of defendant. In such case the liability rests with the agent and not the master. Such is the effect of the holding in Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516; Wells v. Henderson, etc., Co., 200 Ala. 262, 76 So. 28, L. R. A. 1918A, 115. To our minds, the evidence is conclusive to the effect that, while Sapp was the agent of defendant, in the proposal and technical assault made by him on plaintiff's wife he stepped aside wholly from his master's business to pursue a matter entirely personal. Where this is so, the doctrine of respondeat superior does not apply. Cooley on Torts, 533 et seq.; Hardeman v. Williams, 150 Ala. 415, 43 So. 726, 10 L. R. A. (N. S.) 653. The rules of law governing cases of this nature are perfectly clear and well defined. The confusion arises now and then from a failure to keep in mind the distinction between the act done by the servant within the scope of, and the act done during, his employment. The act charged in this case is clearly personal to Sapp and not referable to his employer. Hardeman v. Williams, supra.

The rulings of the trial court with reference to this question were erroneous. The defendant was entitled to the general charge, and for the error in refusing this charge as requested the judgment is reversed and the cause is remanded.

Reversed and remanded.