The plaintiffs, Kathryn Allen and her husband, John Allen, appeal from a summary judgment for the defendants, Richard Walker and the United Paperworkers International Union, Local 719 ("the union"), in an action that involved claims of assault and negligence as to Kathryn. John alleged a loss of consortium. The Allens' complaint alleged that Walker had threatened Kathryn, and it included her employer, Gulf States Paper Company, and Herb Coley, the plant supervisor, as defendants. The complaint also stated numerous other theories of recovery that are not relevant to this appeal. The trial court dismissed Gulf States and entered a summary judgment for Coley. The Allens' appeal as to Gulf States and Coley was untimely and has been dismissed by this Court. This opinion will be restricted to a discussion of the Aliens' allegations of assault and negligence against Walker and the union.
 Assault
The Allens' claims of assault against Walker and the union[1] were based on the following facts:
Kathryn and Walker were employed at Gulf States' plant in Demopolis and were members of the same union. During a conversation concerning the proper method of filing a grievance against Gulf States with the union, Walker allegedly shook his finger in Kathryn's face. Kathryn told Walker that the last man who pointed his finger at her "was sorry that he did it." Walker then allegedly stated that he would "whip [Kathryn's] ass anytime, anywhere." The conversation then ended and Kathryn returned to work. The next day she and Walker had a second confrontation, during which Walker allegedly repeated his earlier threat. Following that second incident Kathryn became "agitated and upset" and reported Walker's threats to her supervisor.
 "An assault consists of '. . . an intentional, unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented.' Western Union Telegraph Co. v. Hill, 25 Ala. App. 540, 542, 150 So. 709, 710 [cert. denied, 227 Ala. 469, 150 So. 711] (1933)."
Holcombe v. Whitaker, 294 Ala. 430, 435, 318 So.2d 289, 294
(1975). Words standing *Page 352 
alone cannot constitute an assault. However, they may give meaning to an act, and when both are taken together they may create a well-founded fear of a battery in the mind of the person at whom they are directed, thereby constituting an assault. Id.; M. Roberts and G. Cusimano, Alabama Tort LawHandbook § 28, at 585-86 (1990).
Kathryn argues that Walker's alleged threats, when combined with the fact that he shook his finger in her face during their first conversation, created a question for the jury on the issue of assault. She contends that Walker's actions were similar to those of the defendant in Holcombe, supra. InHolcombe the defendant, Holcombe, repeatedly threatened to kill the plaintiff, Whitaker, if she filed a lawsuit against him. When Whitaker filed her action, Holcombe came to her home, beat on the door, and attempted to pry it open, while repeating his threats to kill her. Holcombe, 294 Ala. at 433,318 So.2d at 294. There was also evidence that Holcombe made harassing telephone calls to Whitaker and vandalized her home. Those acts so unnerved Whitaker that she changed the locks on her door, nailed her windows closed, and had friends spend the night at her home thereafter. Id. This Court held:
 "We cannot say, as a matter of law, that this was not sufficient to arouse an apprehension of harm or offensive conduct. We think it was a jury question, as was the question of whether the defendant had the apparent ability to effectuate the threatened act."
294 Ala. at 435, 318 So.2d at 294.
Although the facts in this case are not as strong as those inHolcombe, we cannot say that, as a matter of law, Walker's acts and threats could not create a reasonable or well-founded apprehension of imminent physical harm. Western UnionTelegraph, supra. There was evidence that, after Walker's first alleged threat, Allen walked away. That evidence is not conclusive, however, as to whether she discounted the threat or whether she left to avoid the threatened harm. She also testified that, after the second alleged assault the next day, she had to leave work because she was so frightened and upset.
After reviewing the evidence before the trial court in a light most favorable to the non-movant, as this Court must do when reviewing a summary judgment, Turner v. Systems Fuel,Inc., 475 So.2d 539 (Ala. 1985), we conclude that Kathryn presented sufficient evidence that Walker's alleged threats created a well-founded fear of imminent harm and created a jury question on her claim of assault. Therefore, the summary judgment on that claim will be reversed.
 Negligence
Finally, the Aliens argue that the trial court erred by entering summary judgment in favor of Walker and the union on their claim of negligent infliction of emotional distress.[2]
However, there is no cause of action for the negligent
infliction of emotional distress. This Court has repeatedly stated that only intentional infliction of severe emotional distress is actionable. See Green Tree Acceptance, Inc. v.Standridge and El-Jay's, Inc., 565 So.2d 38 (Ala. 1990); Busbyv. Truswal Systems Corp., 551 So.2d 322, 324 (Ala. 1989); Whittv. Hulsey, 519 So.2d 901, 903-04 (Ala. 1987); American RoadService Co. v. Inmon, 394 So.2d 361, 365 (Ala. 1980). Therefore, the summary judgment was proper as to the negligence claim and as to that claim it is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HORNSBY, C.J., and JONES, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
[1] Although it is not clear, it appears that Allen's claim against the union for Walker's alleged assault was premised on unspecified theories of agency law.
[2] It appears that the complaint also contained a claim based on intentional infliction of emotional distress. However, the Allens have not argued that the summary judgment was erroneous as to that claim. *Page 353