The plaintiff, Henry L. Jackson, concedes that there is apparently no case extending the common law as far as the facts of this case to permit recovery for negligent infliction of emotional distress. Nonetheless, Jackson has asked this Court to set forth a new rule for FELA cases so that a railroad employee may recover for purely emotional injuries provided that he or she reasonably feared personal physical injury. In response, although it admits such a claim is an "unsettled" area of the law, the majority is creating such a rule and is allowing Jackson to recover for emotional distress.
I do not feel that this Court is at liberty to devise a federal standard for FELA claims based on negligent infliction of emotional distress. I am especially concerned with the majority's creating a federal cause of action for negligent infliction of emotional distress when this state does not recognize such a cause of action. See Allen v. Walker,569 So.2d 350 (Ala. 1990), and cases cited therein.
As a state court, we must be cautious in our approach to FELA cases, because we are bound by the law established by the federal courts and are not entitled to enlarge that law.Salotti v. Seaboard Coast Line R.R., 293 Ala. 1, 299 So.2d 695
(1974), and cases cited therein. Nonetheless, the majority has established a rule that is absent from the federal common law. As the court warned in Outten v. National Railroad PassengerCorp., 928 F.2d 74, 79 (3d Cir. 1991):
 "Not only is there no support for this proposed rule in the common law from which we are to glean guidance, but such a rule would multiply significantly the opportunity for fraud, limitless claims, and increased litigation, the very concerns that have prompted most courts, including this one, to impose some reasonable limit on claims for negligent infliction of emotional distress."
More recently, the Outten decision has been followed in Huberv. National Railroad Passenger Corp., [Ms. 90-2045, April 17, 1991] 1991 WL 61149 (E.D.Pa. 1991), and Smith v. SoutheasternPennsylvania Transportation Authority, [Ms. 88-5879, July 9, 1991] 1991 WL 127066 (E.D.Pa. 1991).
In Holliday v. Consolidated Rail Corp., 914 F.2d 421 (3d Cir. 1990), the court foreclosed an action based on emotional injuries and warned of the dangers resulting from establishing a rule like the one the majority has created here:
 "We are encouraged to reach our result by the realization that if we hold that a railroad employee demonstrating some possible negligence with psychological consequences will always present a jury question in a FELA action, the most attenuated claims could be advanced."
914 F.2d at 427.
I find no authority in the present state of the common law to permit Jackson to recover on a cause of action based on negligent infliction of emotional distress. Thus, I would hold that the trial court erred in not directing a verdict for Alabama Great Southern Railroad Company.
MADDOX, J., concurs.