During the pendency of their divorce, Helen Ann Perkins Wright sued her estranged husband, Andrew James "Pop" Wright, asserting various claims based on allegations that he had made threats toward her; those claims included assault, battery, the tort of outrage, and invasion of privacy. The trial court entered a summary judgment for Mr. Wright. Mrs. Wright appealed.
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.;McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala. 1992). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, at 958; Elgin, at 810-11.
Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). On review of a summary judgment, this Court reviews the record in a light most favorable to the nonmovant, and it must resolve all reasonable doubts against the movant. Wilma Corp. v.Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993).
The Wrights were married in 1966, and they separated in 1979. Mrs. Wright testified that Mr. Wright had beat her while they were together and shortly after they had separated; the last alleged beating occurred in 1981. Their next contact after that time occurred when Mrs. Wright telephoned Mr. Wright in 1990. According to Mrs. Wright, during that telephone conversation Mr. Wright used a tone of voice that led her to believe that he "would have did something to [her]"; however, Mr. Wright took no action against her at all. Mrs. Wright had no further contact with Mr. Wright until 1992, when they were both present at a hospital to visit Mrs. Wright's daughter. Concerning this encounter, Mrs. Wright stated: "We did not talk. We did not talk, period. We just came to the hospital because my daughter got shot in the head." The last communication between Mr. and Mrs. Wright before Mrs. Wright filed this action occurred in 1993, when Mrs. Wright telephoned Mr. Wright to arrange for him to get her daughter released from jail. According to Mrs. Wright, Mr. Wright neither said nor did anything during that conversation to upset her.
Mrs. Wright contends, however, that she is threatened by Mr. Wright because he occasionally drives by her apartment. In her affidavit she stated:
 "I try to not even look at [Mr. Wright's] car when he drives by my apartment because I am scared to death of him when he looks at me with that look in his eye that means he is going to beat me or shoot me.
 "I try not to look at [Mr. Wright] because he always 'looks' at me with that look that only I know what it means. I cannot even describe the 'look' that [Mr. Wright] gives me, but I know exactly what it means. It means that he is telling me that I had better do exactly what he says to do and that I had better not cross him or he will beat me or shoot me. *Page 544 
". . . .
 ". . . [Mr. Wright] always wants me to know that he will beat me or kill me.
 "There are other ways that [Mr. Wright] can go to the grocery store and other places."
Mr. Wright admitted that he travels by Mrs. Wright's apartment on his way to a particular grocery store; according to him, her apartment is on one of only two routes from his home to that store.
 This Court has defined "assault" as " 'an intentional, unlawful offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a wellfounded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented.' "
Allen v. Walker, 569 So.2d 350, 351 (Ala. 1990), quotingWestern Union Telegraph Co. v. Hill, 25 Ala. App. 540, 542,150 So. 709, 710, cert. denied, 227 Ala. 469, 150 So. 711 (1933), as quoted in Holcombe v. Whitaker, 294 Ala. 430, 435,318 So.2d 289, 294 (1975). A successful assault becomes a battery, which consists of the touching of another in a hostile manner.Surrency v. Harbison, 489 So.2d 1097, 1104 (Ala. 1986), citingSinger Sewing Machine Co. v. Methvin, 184 Ala. 554, 561,63 So. 997, 1000 (1913).
The tort of outrage requires extreme and outrageous conduct by a person who intentionally or recklessly causes severe emotional distress to another. American Road Service Co. v.Inmon, 394 So.2d 361 (Ala. 1980). The plaintiff must produce sufficient evidence to show that the defendant's conduct is "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society."American Road Service Co., 394 So.2d at 365; see also Fitch v.Voit, 624 So.2d 542 (Ala. 1993).
The tort of invasion of privacy is the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. Phillips v. Smalley MaintenanceServices, Inc., 435 So.2d 705 (Ala. 1983).
The trial court properly entered the summary judgment. Mr. Wright made the prima facie showing required by Rule 56, Ala.R.Civ.P., and Mrs. Wright did not rebut that showing by substantial evidence. While the record demonstrated that these parties had a turbulent relationship while living together and shortly thereafter, the evidence of Mr. Wright's actions since that time simply does not constitute substantial evidence of assault, battery, outrageous conduct, or invasion of privacy. Mrs. Wright provided no evidence of an assault or a battery committed against her by Mr. Wright since 1981, and an action based on such torts occurring that far back is barred by the statute of limitations. Ala. Code 1975, § 6-2-38(l). Moreover, Mrs. Wright produced no evidence to demonstrate that Mr. Wright, at any time since shortly after their separation in 1979, has engaged in any "atrocious and utterly intolerable" conduct in his communications with her; in fact, the evidence indicates no offensive conduct at all since that time. As is the case with Mrs. Wright's assault and battery claims, a claim alleging outrageous conduct while they were living together or shortly after their separation in 1979 is barred by the statute of limitations. Ala. Code 1975, § 6-2-38(l). Further, Mr. Wright's act of merely driving by Mrs. Wright's home to the grocery store, without more, plainly falls short of the incursion into one's private activities that would constitute an invasion of privacy. Phillips, supra.
The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, SHORES, STEAGALL and COOK, JJ., concur. *Page 1136