In January 1999, Joshua Wood sued Cowart Enterprises, Inc., and Donald *Page 836 
Cowart, Sr. (hereinafter referred to collectively as "Cowart"), alleging assault and battery and the tort of outrage. Cowart denied the allegations and moved for a summary judgment. The trial court entered a summary judgment for Cowart; Wood appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6). Wood argues that the trial court erred in entering Cowart's summary judgment as to the assault-and-battery claim. Wood consented to the entry of a summary judgment on his outrage claim; on appeal he makes no argument as to that claim.
We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c);see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala. 1992). The court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant. Hanners v.Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee, 592 So.2d at 1038. "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989);see Ala. Code 1975, § 12-21-12(d). See Ex parte General MotorsCorp., 769 So.2d 903 (Ala. 1999); West, 547 So.2d at 871; and Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989), for further discussion of the application of the summary-judgment standard.
Cowart ran a construction company that was working at a site in Georgia. Wood, Cowart's employee, was riding in the back of Cowart's truck as they were traveling back to their residences in Alabama. While traveling, Cowart had a conversation on his cellular phone with his sister-in-law, Trisha Marlo, about an affair between Cowart's wife, Donna Cowart, and Wood. Although the evidence concerning when Cowart first learned of the affair was disputed, Cowart was enraged by the information.
Cowart stopped the truck on a Georgia exit ramp off Interstate 85 and confronted Wood about the affair. Cowart grabbed a pipe from the truck and hit Wood, who was unarmed, several times with the pipe. Wood escaped by running into nearby woods. Cowart then got back in his truck and left without Wood. Wood hitchhiked home. He went to a hospital, where he was treated for several injuries, including a broken arm; the broken arm required surgery.
Cowart argued in his summary-judgment motion and on appeal that Wood assumed the risk of injury when Wood involved himself in an adulterous relationship with Cowart's wife. In entering the summary judgment, the trial judge said, "I'm going to make a ruling of law that the plaintiff has assumed the risk, and that is a valid defense." We disagree.
It is well settled in Alabama[1] that the defense of assumption of the risk *Page 837 
is not a defense to an intentional tort. USA Petroleum Corp. v.Hines, 770 So.2d 589 (Ala. 1999). "Assault" has been defined as "anintentional, unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented." Western Union Tel. Co. v. Hill, 25 Ala. App. 540, 542,150 So. 709, 710 (1933) (emphasis added). See also Wright v. Wright,654 So.2d 542, 544 (Ala. 1995). In a civil case, the elements of battery are: (1) that the defendant touched the plaintiff; (2) that the defendantintended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner. Ex parte Atmore Cmty. Hosp.,719 So.2d 1190 (Ala. 1998) (emphasis added). Our Supreme Court has explained that "`[a] battery consists in an injury actually done to theperson of another in an angry or revengeful or rude or insolent manner, as by spitting in the face, or in any way touching him in anger, or violently jostling him out of the way, or in doing any intentionalviolence to the person of another.'" Surrency v. Harbison, 489 So.2d 1097,1104 (Ala. 1986) (quoting Singer Mach. Co. v. Methvin, 184 Ala. 554,561, 63 So. 997, 1000 (1913) (emphasis added)).
Although we do not condone Wood's conduct, we will not sanction Cowart's conduct. Alabama law does not give an aggrieved spouse the right to commit the intentional torts of assault and battery upon the other spouse's paramour. If we acknowledged "assumption of the risk" as a valid defense in a case like this one, we would be providing a means for an aggrieved spouse to insulate herself or himself from liability for assault and battery. Cowart also argues that the equitable doctrine of unclean hands supports the summary judgment. He argues that because Wood committed the crime of adultery,[2] he is not entitled to recover compensation for his injuries. Although the unclean-hands doctrine can be used as a defense in an equitable proceeding, see Friendly Credit Unionv. Campbell, 579 So.2d 1288, 1291 (Ala. 1991), we refuse to acknowledge the doctrine of unclean hands as a valid defense to an intentional-tort claim.
REVERSED AND REMANDED.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.
[1] Although the tort occurred in Georgia and although Cowart initially pleaded the applicability of Georgia law, both Wood and Cowart relied on Alabama law in the summary-judgment proceedings and on appeal. Therefore, we express no opinion on Georgia law, but we do recognize that the rule of lex loci delicti would require the application of Georgia law because the tort occurred in Georgia. See Fitts v. Minnesota Mining Mfg. Co., 581 So.2d 819 (Ala. 1991).
[2] Adultery is a misdemeanor under Alabama law. See Ala. Code 1975, § 13A-13-2.