Kenneth P. Quinlan, an inmate proceeding pro se, sued Eric Jones, a correctional officer. Quinlan alleged that Jones had committed an assault and battery on him on November 25, 2002, and on December 30, 2002; that Jones had committed an assault on him on December 2, 2002; and that Jones had wrongfully deprived him of his personal property on November 25, 2002, and on December 30, 2002. Eventually, Jones filed a motion for a summary *Page 916 
judgment, which the trial court granted on February 24, 2004. Quinlan appealed to this Court, which transferred the case to the Court of Civil Appeals, pursuant to § 12-2-7(6), Ala. Code 1975.
In a plurality opinion, the Court of Civil Appeals reversed the summary judgment as to the alleged November 25, 2002, assault and battery, and remanded the case to the trial court for further proceedings as to that claim. Quinlan v. Jones, 922 So.2d 899
(Ala.Civ.App. 2004). Jones did not seek certiorari review of that holding. The Court of Civil Appeals, citing Lee L. SaadConstruction Co. v. DPF Architects, P.C., 851 So.2d 507 (Ala. 2002), and Harris v. Lombardi, 897 So.2d 1136 (Ala.Civ.App. 2004), affirmed the summary judgment as to Quinlan's other claims. Quinlan petitioned this Court for certiorari review of the Court of Civil Appeals' partial affirmance of the summary judgment, and we granted his petition.
In Lee L. Saad Construction Co., 851 So.2d at 523, this Court stated: "`In opposing a motion for summary judgment, the nonmovants cannot merely rely on the allegations in their complaint.' Rhodes v. General Motors Corp., 621 So.2d 945, 949
(Ala. 1993)." We granted certiorari review solely to determine whether the Court of Civil Appeals, in its main opinion, misinterpreted this statement, thereby erring in refusing to consider factual averments in Quinlan's own affidavits in opposition to Jones's motion for a summary judgment. Having concluded that the Court of Civil Appeals did misinterpret our statement, we reverse its judgment insofar as it affirmed the trial court's summary judgment in favor of Jones, and we remand the cause to the Court of Civil Appeals for its further consideration consistent with this opinion.
Our analysis begins with Rule 56, Ala. R. Civ. P. Rule 56(e) states:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."
In other words, "[m]ere allegations in a pleading are not enough to create a genuine issue of material fact as against a showing of evidence contrary to the allegations." Rule 56, Committee Comments on 1973 Adoption. Relying upon Rule 56(e), this Court has stated frequently that a nonmovant, in opposing a motion for a summary judgment, cannot merely rely on the allegations in the complaint.
Rule 56(e) allows a party to oppose a motion for a summary judgment by affidavit, stating, in pertinent part: "[O]pposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Obviously, an affidavit from a plaintiff may meet these requirements. However, the affidavit "`[m]ust be more than a mere verification of the allegations contained in the pleadings, and must present facts that would be admissible in evidence.' Black v. Reynolds, 528 So.2d 848, 849 (Ala. 1988) (citing Morris v. Morris, 366 So.2d 676 (Ala. 1978))." Rhodesv. General Motors Corp., 621 So.2d 945, 949 (Ala. 1993). Provided that an affidavit sets forth admissible facts, it "is not any less of an affidavit simply because it restates the facts that appear in the complaint." Quinlan, 922 So.2d at 912
(Crawley, J., concurring in the result in part and dissenting in part). *Page 917 
Insofar as the Court of Civil Appeals affirmed the summary judgment in favor of Jones, it, according to the main opinion, refused to consider the factual averments in Quinlan's own affidavits filed in opposition to the motion for summary judgment. The Court of Civil Appeals observed that Quinlan's affidavit "described in some detail the facts surrounding those alleged incidents," yet concluded that these facts could not be relied upon as they were "essentially restatements of the allegations made in his complaint." Quinlan, 922 So.2d at 908,909. However, affidavits that track pleadings can be admissible so long as they contain sufficient facts to satisfy the requirements of Rule 56(e). The treatise Federal Practice andProcedure summarizes the law in this area, as follows:
 "A verified pleading may be treated as an affidavit and used in the action in any way in which an affidavit would be suitable. However, inasmuch as the liberal pleading requirements of the federal rules usually produce either very general pleadings or pleadings based on information and belief, it is unlikely that a verified pleading will prove adequate for this purpose in many situations because an affidavit must contain facts that the affiant knows to be true of his or her own knowledge and have a certain level of factual specificity. Thus, verification alone does not necessarily convert a pleading into an acceptable affidavit. If a verified pleading proves to be inadequate to serve as an affidavit, it should have no more effect than an unverified pleading in such contexts as a motion for summary judgment."
5A Charles Alan Wright Arthur K. Miller, Federal Practice andProcedure: Civil 3d § 1339 (2004) (footnotes omitted). Because Quinlan's affidavit was drawn from a pleading that did not take advantage of the liberal pleading requirements permitting very general pleadings or pleadings on information and belief, it contained sufficient facts on firsthand knowledge and should have been considered in opposition to Jones's motion for a summary judgment. In refusing to consider those facts, the Court of Civil Appeals misconstrued this Court's prior holdings in Lee L. SaadConstruction Co. and other cases. Therefore, insofar as the Court of Civil Appeals affirmed the trial court's summary judgment in favor of Jones, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded to the Court of Civil Appeals for its further consideration consistent with this opinion. Also, insofar as the Court of Civil Appeals' decision inHarris v. Lombardi is inconsistent with this opinion, it is overruled.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, LYONS, HARWOOD, STUART, SMITH, BOLIN, and PARKER, JJ., concur.