On Remand from the Alabama Supreme Court

PER CURIAM.
The Supreme Court of Alabama has reversed the prior judgment of this court, insofar as it affirmed the trial court’s summary judgment in favor of Eric Jones, a correctional officer, and has remanded the cause to this court for our further consideration of certain issues. Ex parte Quinlan, 922 So.2d 914 (Ala.2005). In Quinlan v. Jones, 922 So.2d 899 (Ala.Civ.App.2004), we reversed the trial court’s summary judgment in favor of Jones regarding the claim by Kenneth P. Quinlan, an inmate, that Jones had allegedly committed an assault and battery on him on November 25, 2002. 922 So.2d at 908. Jones did not seek certiorari review of that holding. Ex parte Quinlan, 922 So.2d at 916. Further, in Quinlan v. Jones, we affirmed the trial court’s summary judgment in favor of Jones regarding Quinlan’s claims that Jones had allegedly committed an assault on him on December 2, 2002; that Jones had allegedly committed an assault and battery on him on December 30, 2002; and that Jones had allegedly wrongfully deprived him of personal property on November 25, 2002, and December 30, 2002. 922 So.2d at 908-09.
In Ex parte Quinlan, our supreme court held that the main opinion in Quinlan v. Jones had misinterpreted the following statement in Lee L. Saad Construction Co. v. DPF Architects, P.C., 851 So.2d 507, 523 (Ala.2002): “ ‘In opposing a motion for summary judgment, the nonmovants cannot merely rely on the allegations in their complaint.’ Rhodes v. General Motors Corp., 621 So.2d 945, 949 (Ala.1993).” The supreme court held that this court “err[ed] in refusing to consider factual averments in Quinlan’s own affidavits in opposition to Jones’s motion for a summary judgment.” Ex parte Quinlan, 922 So.2d at 916.
On remand to this court, and in compliance with the supreme court’s opinion, we consider whether the factual averments in Quinlan’s own affidavits were sufficient to *919 rebut Jones’s showing that he was entitled to State-agent immunity as to Quinlan’s claims of assault on December 2, 2002; assault and battery on December 30, 2002; and wrongful deprivation of personal property. See Quinlan v. Jones, 922 So.2d at 908 (setting forth the factual averments in Quinlan’s affidavits as to those claims).
Correctional officers perform a public responsibility in guarding inmates in our state’s correctional facilities. In this ease, as in any immunity case, courts must make a “pragmatic assessment of what, if any, degree of immunity is necessary to enable the particular governmental function to be effectively performed.” Bell v. Chisom, 421 So.2d 1239, 1241 (Ala.1982). “One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.” Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). In Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the United States Supreme Court stated that qualified immunity “is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.”
As stated in our prior opinion, Jones made a showing that he was performing functions within categories (3) and (4) of the Cranman restatement of State-agent immunity at the time he allegedly assaulted and battered Quinlan and at the time he allegedly wrongfully deprived Quinlan of his personal property. See Quinlan v. Jones, 922 So.2d at 906-07 (citing Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000) (a plurality opinion adopted by a majority of the supreme court in Ex parte Butts, 775 So.2d 173 (Ala.2000))). Thus, the burden shifted to Quinlan to rebut that showing by establishing that Jones acted “ ‘willfully, maliciously, fraudulently, [or] in bad faith,’ ” or that “ ‘he “was not exercising his .... judgment in the manner set forth in the examples in Cranman.” ’ ” Quinlan v. Jones, 922 So.2d at 907 (quoting Howard v. City of Atmore, 887 So.2d 201, 205 (Ala.2004)). After having considered the factual aver-ments in Quinlan’s own affidavits regarding his claims of assault on December 2, 2002; assault and battery on December 30, 2002; and wrongful deprivation of personal property, we conclude that those aver-ments are insufficient to rebut Jones’s showing that he was entitled to State-agent immunity. Accordingly, the trial court’s summary judgment in favor of Jones as to the alleged assault on December 2, 2002; the alleged assault and battery on December 30, 2002; and the wrongful-deprivation-of-personal-property claim is due to be affirmed.
AFFIRMED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
CRAWLEY, P.J., dissents, with writing.
MURDOCK, J., dissents, without writing.