BEATTY, Retired Justice.
Michael L. Fuñera and his wife, Linda Fuñera, sued Drummond Company, Inc.; Jefferson County and the County’s commis *819 sioners (hereinafter collectively referred to as “the County”); .and Don Parks.
The complaint alleged the. following: On or about February 28, 1995, Michael Fuñera, a truck driver, was on his way to Drummond’s Shoal Creek Mine to deliver a piece of heavy equipment. He was traveling westbound on Nancy Ann Bend Road, near the intersection of Lock 17 Road, when he was involved in a motor vehicle accident. The accident occurred when Mr. Fuñera swerved to the right to avoid colliding with an eastbound vehicle, driven by Parks, which had veered into a portion of Mr. Funera’s lane, the westbound lane. The right wheels of Mr; Fun-era’s tractor truck went off the road, causing the tractor truck to overturn.
The Fuñeras alleged that the County has a “duty to keep its roads in a reasonably safe condition for travel” and that the County had negligently, willfully, and wantonly “breached its duty in its failure to properly maintain the roadway known as Nancy Ann Bend.” The Fuñeras also alleged that the County, “after having knowledge or reasonable grounds for knowledge, failed to provide adequate warning devices to appropriately forewarn drivers of the nature of the road conditions at the site of the accident” and that such “failure resulted in the injuries to [Mr. Fuñera].”
The County answered, denying the allegations and contending that the Fuñeras were barred from any recovery by contributory negligence on the part of Mr. Fuñera; by an independent intervening cause; and by the absence of a defect — but it contended that if, in fact, such a defect existed, the County had had no notice of it.
Thereafter, the County filed a summary judgment motion, along with affidavits and a brief in support of the motion. The Fuñeras filed a brief in opposition to the summary judgment motion, as well as affidavits, depositions, and other documentation in support of their position.
The trial court entered a summary judgment in favor of the County and certified the judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P. The Fuñeras filed a motion for a new trial, which was denied.
The Fuñeras appealed. Our supreme court has transferred this case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
We note that the trial court had previously entered a summary judgment in favor of Drummond, and that this court had affirmed that judgment without opinion. Funera v. Drummond Co., (No. 2960967) — So.2d —(Ala.Civ.App.1997) (table).
On appeal, the Fuñeras contend that the summary judgment in favor of the County is not appropriate. We agree.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the non-moving party to present substantial evidence creating a genuine issue of material fact. In determining whether the evidence creates a genuine issue of material fact, the court must view the evidence in a light most favorable to the non-moving party and resolve all reasonable- doubts against the moving party. Porter, 636 So.2d 682; McClendon v. Mountain Top Indoor Flea Market Inc., 601 So.2d 957 (Ala.1992).
In Elmore County Comm’n v. Ragona, 540 So.2d 720, 724 (Ala.1989), our supreme court stated:
“It is undisputed that governmental entities, by virtue of their exclusive authority to maintain and control the roadways, are under a common law duty to keep them in repair and in a reasonably safe condition for their intended use....
“Since the county can be sued for its negligence, and is exclusively responsible for the maintenance and control of its roadways, its standard of care is to keep its roads in a reasonably safe condition for *820 travel, and to remedy defects in the roadway upon receipt of notice.”
(Citations omitted.)
In support of its summary judgment motion, the County filed the affidavit of Wayne Blackwell, the County’s traffic engineer. Blackwell stated in his affidavit:
“I have reviewed the wreck report and accident site. The road was properly signed and marked in accordance with the Manual of Uniform Traffic Control Devices at the time of Mr. Funera’s wreck. Furthermore, I found no defect in the roadway or road shoulder at the location of his wreck. It is further my opinion that a reasonable, prudent driver should have no problem negotiating the portion of Nancy Ann Bend Road in question.”
The Fuñeras filed numerous documents in opposition to the summary judgment motion, including Michael Funera’s deposition and the affidavit of their expert, Richard Rice, a professional engineer. Mr. Fuñera testified that the accident occurred at approximately 8:30 p.m. and that he was traveling approximately 30 to 35 m.p.h. He also testified that the accident happened as follows:
“And [the car] was sort of in my lane. I moved over a little bit [to the right] to miss him. When I started back up to try to get back on the road, the truck turned over.”
In his affidavit Rice stated the following:
“Based on my examination of the roadway, my review of the above items, my measurements, and the survey of Mr. Armstrong, I am of the opinion that the roadway where the accident occurred was defective and was not reasonably safe due to two violations as follows:
“(1) The curve where the accident took place had a radius of curvature as low as approximately 165 feet. The maximum su-perelevation (i.e. cross slope) stated by AASHTO [American Association of State Highway and Transportation Officials] and ALDOT [Alabama Department of Transportation] for this curvature is 0.08 feet per foot. The measured superelevation of this curve was 0.18 feet per foot in the location of the accident. This was 2.25 times the maximum published superelevation. This large amount of superelevation created an ultrahazardous risk that large, slow-moving vehicles might turn over. The risk was even greater for vehicles with high heavy loads with a higher center of gravity.
“(2) The highway shoulder where the accident took place does not meet the standard set by AASHTO and ALDOT. The maximum cross-section slope of the shoulder as described by AASHTO and the ALDOT is 8°. The measured cross-section slope at the accident location was 20°. This excessive slope created an ultrahazardous condition.
“Both of the above violations created an unnecessary, unreasonable, and ultrahazar-dous risk of danger to vehicles. The risk was compounded by the fact that the risk of the sloping roadway was made more dangerous by the steep slope of the shoulder. A truck with a heavy load was particularly at risk. If any wheel of the vehicle went off the pavement, the trailer would be so tilted that gravity would exert a strong force to turn the trailer over. In my opinion, that is exactly what happened to Mr. Fuñera.

“In my opinion, Mr. Fuñera’s truck would not have turned over if there had been an adequate shoulder within specifications set by AASHTO and ALDOT. The standards and regulations of AASH-TO and ALDOT apply to Alabama roads and to the road in question.

“It is also my opinion that Mr. Fun-era’s truck would not have turned over if the superelevation of the roadway had been in conformity with AASHTO and ALDOT.’’

(Emphasis added.) Rice also stated the following in his affidavit: “All of the opinions expressed in this affidavit are expressed to a reasonable degree of engineering certainty and are based upon my own personal knowledge and/or materials and/or information ordinarily and customarily relied upon by experts in my field.”
In Peters v. Calhoun County Comm’n, 669 So.2d 847, 850-51 (Ala.1995), our supreme court stated:
*821 “The act of leaving the traveled portion of an unstriped road, in or approaching a curve, and at night is not so egregious a departure from ordinary standards of'care as to be unforeseeable as a matter of law. This is true even if the driver can offer no reason for leaving the road....
[[Image here]]
“... Thus, this evidence is sufficient to raise a genuine issue of material fact (see Rule 56(e), Ala. R. Civ. P.), because it is of such weight and quality that the trier of fact could reasonably infer that the Commission could have anticipated that a motorist might accidently allow a vehicle’s wheels to drop off the surface of Coldwater Road.”
(Citations omitted.)
And in Mixon v. Houston County, 598 So.2d 1317, 1319 (Ala.1992), our supreme court stated:
“After carefully reviewing the record, especially the deposition testimony of the two engineers employed by the County, we conclude that fact questions exist as to whether the curve in County Road 13 was defective in design or layout at the time of the accident (i.e., whether the curve in the road, due to the severity of its angle, was unsafe for travel) and if the road was defective in that regard, whether the County had been placed on notice of the dangerous condition.”
It is undisputed that the right wheels of Funera’s tractor truck left the traveled portion of the road in order to avoid an oncoming vehicle. The County’s traffic engineer stated that he “found no defect in the roadway or road shoulder at the location of [Mr. Funera’s] wreck.” On the other hand, the Fuñeras’ expert stated that thé roadway and road shoulder were defective and in violation of accepted standards and that it was his opinion that Mr. Funera’s truck would not have overturned if the roadway and road shoulder had been within the specifications of these accepted standards.
In light of the foregoing, we conclude' that there existed a genuine issue of a material fact and, thus, that the summary judgment was inappropriate. Consequently, the judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Sam A Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.