On May 28, 1999, Amanda Hollingsworth and Amanda Smith sued the City of Rainbow City ("the City") to recover compensatory damages for injuries they sustained as a result of an automobile accident. The plaintiffs alleged that the City had negligently designed the roadway on which the accident occurred, and had failed to maintain that roadway in a safe condition, and that they were injured as a result. The City answered the plaintiffs' complaint with a general denial and alleged that the plaintiffs' injuries were proximately caused by third parties.
On October 4, 1999, the City filed a motion to dismiss the plaintiffs' complaint for failure to comply with Ala. Code 1975, § 11-47-191, which requires the injured party to join as defendants other persons who may be liable. The plaintiffs responded to that motion on October 12, 1999, and they filed an amended complaint on October 26, 1999. The amended complaint substituted M.V. Gidley, as legal guardian of Livvy Lynn Gidley, a minor, for fictitious defendant "A" specified in the plaintiffs' original complaint. The amended complaint alleged that Livvy Lynn Gidley was the owner and driver of the automobile that had collided with the automobile driven by Kevin Kilgore in which the plaintiffs were passengers and that Gidley's negligence or wantonness had proximately caused the plaintiffs' injuries. Kevin Kilgore, the driver of the vehicle in which the plaintiffs were riding, was never named as a defendant.
On August 14, 2000, M.V. Gidley filed a motion for a summary judgment with supporting *Page 789 
documents pursuant to Rule 56, Ala.R.Civ.P., and on October 5, 2000, the City filed a motion for a summary judgment, similarly supported. After the plaintiffs' response, the trial court held a hearing on the summary-judgment motions on November 6, 2000. On December 13, 2000, the trial court entered a summary judgment for the City and certified the summary judgment as a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. The trial court later denied M.V. Gidley's motion for a summary judgment.
The plaintiffs appeal the summary judgment for the City, arguing that they presented substantial evidence creating a genuine issue of fact as to whether the City had notice of a defective roadway condition and was under a duty to remedy that defect.
We review the trial court's entry of a summary judgment de novo, and our standard of review is well settled.
 "In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was `entitled to a judgment as a matter of law.' Wright v. Wright, 654 So.2d 542 (Ala. 1995); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)."
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala. 1997).
The evidence, viewed, as we must, in a light most favorable to the plaintiffs, Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359
(Ala. 1993), shows that there was a dangerous condition at the intersection that was the site of the accident, i.e., a "blind spot" occasioned by the contour of a hill leading to the intersection; and that the City had been placed on notice of the defective roadway condition. To establish the existence of the "blind spot" and the danger it created, the plaintiffs placed in the record their depositions, the affidavits of Smith's mother and grandfather, and the testimony of Livvy Lynn Gidley, the driver of the other vehicle involved in the collision. The accident occurred at approximately 7:30 p.m. on January 3, 1999, when a vehicle driven by Kevin Kilgore and in which the plaintiffs were passengers, was traveling north on Palace Avenue and attempting to make a left turn onto Pineapple Street. It was struck on the passenger's side by the car driven by Livvy Lynn Gidley, traveling south on Palace. The plaintiffs testified that they were looking straight ahead before the attempted left turn and that they had ample time to notice lights from any oncoming cars, but did not see the lights of Gidley's vehicle until immediately before impact. Gidley testified that the hill on Palace Avenue leading to its intersection with Pineapple Street created a blind spot that blocked a driver's view and that, as a *Page 790 
consequence, she did not see the lights of the other vehicle at any time while she was traveling on Palace Avenue, until she crested the hill immediately before impact. The mother and the grandfather of plaintiff Smith, both long-time residents of Pineapple Street, filed affidavits stating that there was a blind spot at the intersection.
With respect to the issue whether the City had notice of the existence of the blind spot, Smith's mother swore in her affidavit as follows:
 "Prior to Jan. of 1999, I personally have complained to Rainbow City and the Council about that intersection. I told them the intersection was a blind spot and that someone was going to be seriously hurt or killed because of it. I also told them that caution lights or blind intersection signs needed to be put there or that something had to be done to the hill to keep that intersection from being so dangerous."
Smith's grandfather, a long-time resident of Pineapple Street, stated the following in his affidavit:
 "The intersection of Palace [Avenue] and Pineapple Street is blind when coming on Palace towards Pineapple Street. The intersection is very dangerous and there have been many wrecks there. You cannot see the intersection or cars turning from or onto Pineapple Street. I have made personal complaints to Rainbow City concerning the intersection and how dangerous the blind spots make it. I had made these complaints on more than one occasion before January 1999. At one time before January 1999, I and other neighbors requested caution lights or stop lights and signs be put at the intersection so that people would be aware of the blind intersection. Nothing was ever done."
We conclude that this evidence constitutes substantial evidence that there was a genuine issue of material fact as to whether the City had received notice of the alleged dangerous defect at the intersection of Palace Avenue and Pineapple Street, so as to impose upon it a duty to correct the defect or to provide warning signs of its presence. See,e.g., Mixon v. Houston County, 598 So.2d 1317 (Ala. 1992); Elmore CountyComm'n v. Ragona, 540 So.2d 720 (Ala. 1989). Either actual notice or constructive notice will suffice to impose the duty upon a municipality.Tuscaloosa County v. Barnett, 562 So.2d 166 (Ala. 1990). Additionally, we note that because the record reflects that the conditions at the intersection of Palace Avenue and Pineapple Street, including the hill creating the alleged blind spot, had existed for some period before the collision in question, a genuine issue of material fact existed as to whether the City had constructive notice of the situation and of the dangers it allegedly posed. See, e.g., Craig v. City of Mobile,658 So.2d 438 (Ala. 1995); Funera v. Jefferson County, 727 So.2d 818
(Ala.Civ.App. 1998).
Although the argument the City made to the trial court — that a summary judgment was due to be entered under the provisions of §11-47-191(a), Ala. Code 1975, on account of the failure of the plaintiffs to join the driver of the vehicle in which they were riding as a party defendant — has not been presented to this Court, we deem it appropriate to consider the argument in light of the settled law that this Court will affirm a trial court's order on any valid legal ground.Premiere Chevrolet, Inc. v. Headrick, 748 So.2d 891, 893 (Ala. 1999);Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238
(Ala. 1992); and McMillan, Ltd. v. Warrior Drilling Eng'g Co.,512 So.2d 14, 26 (Ala. 1986). We therefore consider the effect of §11-47-191 concerning the plaintiffs' failure to include Kevin Kilgore as a defendant, despite the fact that they *Page 791 
testified that they had repeatedly told him that he needed to be careful when he turned left at the intersection, but that he did not come to a complete stop at the intersection before attempting a left turn.
Section 11-47-190, Ala. Code 1975, provides that whenever a municipality "shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation should be liable to an action on the same account by parties so injured." Section 11-47-191, in turn, provides that if the injured party sues the municipality, he "shall also join such other person or persons or corporations so liable as defendant or defendants," and if he brings an action against the municipality alone "and it is made to appear that any person or corporation ought to be joined as a defendant in the action according to the provisions in Section 11-47-190, the action shall be dismissed, unless the plaintiff amends his complaint by making such party or corporation a defendant. . . ." Of course, "[t]he general rule is that a defense not asserted in a trial court cannot be raised for the first time on appeal." City of Rainbow City v. Ramsey, 417 So.2d 172, 174
(Ala. 1982). More to the point, however, is the fact that this Court has held that in an action by a motorist against a city alleging roadway defects, the plaintiff is not obliged under § 11-47-191 to join the other motorist with whom his vehicle collided, where that other motorist had nothing to do with the defective roadway condition. See City ofLanett v. Tomlinson, 659 So.2d 68, 71 (Ala. 1995) ("The City's argument that Tomlinson's claim should have been dismissed because the [other] motorist Sims should have been joined is without merit. . . . Sims would not need to be joined, because she had nothing to do with the condition of the stop sign or with the City's failure to remedy the condition."). This rationale would have equal application to a situation where the driver of an automobile occupied by passengers who later sue a city for an alleged roadway defect had nothing to do with the condition of the roadway. Therefore, this case lacks the requisite facts to trigger the joinder requirement of § 11-47-191.
Moreover, § 11-47-191(c) provides:
 "If the injured party shall, before bringing the civil action, demand of the mayor or other chief executive officer of such municipality the name of such other person or persons or corporation as may be liable jointly with the said municipality to such injured party, and if such mayor or other chief executive officer fails to furnish, within 10 days from the making of such demand, the name of such person or persons or corporation so jointly liable, the said injured party shall not be required to join such other person as a party defendant with said municipality in any civil action brought to recover damages for such injuries."
The record clearly establishes that each plaintiff filed a sworn statement of claim with the City, fully describing the accident and stating at its conclusion: "In addition, pursuant to § 11-47-191, Ala. Code (1975), I hereby demand the name of such other person or persons or corporations as may be jointly liable with the City of Rainbow City to me." Counsel for the plaintiffs stated in a filing with the trial court that "the City failed to name the driver of Plaintiff's [sic] vehicle within 10 days." We have held that "the plaintiff must join the third party, unless the mayor or chief executive officer fails to furnish the name of the party within ten days after the plaintiff has made the appropriate demand." Ellison v. Town of Brookside, 481 So.2d 890, 892
(Ala. 1985). In light of this authority, we conclude that an affirmance of the summary judgment under § 11-47-191, *Page 792 
cannot be justified under the facts of this case.
Accordingly, the summary judgment for the City must be reversed, and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Houston, Lyons, Brown, Johnstone, and Woodall, JJ., concur.
Stuart, J., concurs in the result.