THOMPSON, Presiding Judge.
 

 Robert Wilson appeals from summary judgments entered by the Baldwin Circuit Court in favor of C-Sharpe Company, LLC (“C-Sharpe”), Dobson Sheet Metal & Roofing, Inc. (“Dobson”), and Duro-Last, Inc. (“Duro-Last”). For the reasons stated herein, we affirm in part, reverse in part, and remand.
 

 Wilson owns condominium unit 88 of The Breakers Condominiums (“The Breakers”), located in Gulf Shores. In September 2004, Hurricane Ivan caused damage to The Breakers necessitating repairs to, among other things, The Breakers’ roof. The Breakers Condominium Association (“the Association”) thereafter entered into a contract with C-Sharpe to perform the needed repair work. C-Sharpe entered into a subcontract with Dobson on March 10, 2005, for the installation of a new roof on The Breakers using a roofing system manufactured by Duro-Last.
 

 On November 3, 2006, Wilson, whose condominium unit is located on the top floor of The Breakers, filed an action against C-Sharpe, Dobson, and Duro-Last (collectively, “the defendants”) in which he alleged that they had acted negligently while conducting repairs at The Breakers. Specifically, he alleged that they had dam
 
 *800
 
 aged his unit on two separate occasions by partially removing The Breakers’ roof and negligently failing to prepare it for inclement weather. He also alleged that the defendants had negligently caused holes to be punched, hammered, or drilled into the ceiling of his condominium unit, causing damage to the unit’s interior and furnishings. Finally, he alleged that the defendants’ negligence constituted a breach of “the contract between [the Association] and the defendants” (“the alleged contract”).
 

 On September 29, 2008, Dobson filed a motion for a summary judgment. It argued that Wilson did not have standing to assert his claim of breach of contract because he was not a party to any contract between it and the Association. Dobson pointed out that Wilson had admitted, in his deposition, that the Association had not authorized him to sue on the Association’s behalf, and Dobson argued that, as a general rule, a litigant does not have standing to assert the rights of a third party. Dob-son argued that Wilson did not have standing to assert his claims of negligence because, pursuant to Alabama law, the roof of The Breakers constituted a common area to which the Association, and not Wilson, held title. Moreover, it argued, the Declaration of Condominium filed by the developer of The Breakers in 1980 (“the declarations”), to which Wilson had admitted in his deposition he had bound himself, provided that the Association “shall maintain, repair and replace at its expense all portions of a unit which are common elements, including” the roof, and that “[a]ny incidental damage caused to a unit by such work shall be promptly repaired at the expense of the Association.” Thus, Dobson argued, because “[i]t was the Association’s repair of common elements which caused the damages alleged by Wilson in his Complaint,” Wilson’s cause of action was against the Association and Wilson did not have recourse against Dobson. On October 6, 2008, C-Sharpe filed a document indicating that it was joining Dobson’s motion for a summary judgment, and it adopted all the arguments and evidence that Dobson had filed in support of its summary-judgment motion.
 

 On October 7, 2008, Duro-Last filed a motion for a summary judgment. It argued that Wilson lacked standing to assert a breach-of-contract claim against it because neither he nor the Association had entered into a contract with Duro-Last. Duro-Last argued that Wilson did not have standing to pursue negligence claims against it for the same reasons argued by Dobson and C-Sharpe.
 

 On October 17, 2008, Wilson filed a response to all three defendants’ summary-judgment motions. Wilson argued that C-Sharpe’s motion, consisting only of a statement that C-Sharpe was joining in the motion filed by Dobson, was proeedurally deficient because it did not comply with the filing requirements of Rule 56, Ala. R. Civ. P. As to all the defendants, Wilson argued that he had standing to pursue his breach-of-contract claim because, according to him, he was a third-party beneficiary to the alleged contract between the Association and the defendants. He asserted that the defendants had failed to offer an argument or evidence with regard to his standing as a third-party beneficiary of that contract, and he argued that there was a genuine issue of material fact as to whether he had such standing. Wilson argued that the fact that the declarations provide that the Association could be held liable for the damage to his condominium unit caused by the defendants’ negligence neither exonerated the defendants from liability for their negligent acts nor deprived him of standing to bring his negligence claims against them.
 

 
 *801
 
 On October 21, 2008, the trial court entered an order granting C-Sharpe’s motion to join Dobson’s motion for a summary judgment, and it entered summary judgments in favor of all the defendants. Wilson filed a timely notice of appeal to the supreme court, which transferred his appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Our review of a summary judgment is de novo.
 
 Hollingsworth v. City of Rainbow City,
 
 826 So.2d 787, 789 (Ala.2001).
 

 “ ‘In reviewing the disposition of a motion for summary judgment, “we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,”
 
 Bussey v. John Deere Co.,
 
 531 So.2d 860, 862 (Ala.1988), and whether the movant was “entitled to a judgment as a matter of law.”
 
 Wright v. Wright,
 
 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmov-ant to present substantial evidence creating such an issue.
 
 Bass v. SouthTrust Bank of Baldwin County,
 
 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
 
 Wright,
 
 654 So.2d at 543 (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.
 
 Wilma Corp. v. Fleming Foods of Alabama, Inc.,
 
 613 So.2d 359 (Ala.1993);
 
 Hanners v. Balfour Guthrie, Inc.,
 
 564 So.2d 412, 413 (Ala.1990).’ ”
 

 Id.
 
 (quoting
 
 Hobson v. American Cast Iron Pipe Co.,
 
 690 So.2d 341, 344 (Ala.1997)).
 
 [1]
 

 Wilson contends that the trial court erred when it entered summary judgments in favor of the defendants on his claim of breach of contract. As to the defendants’
 
 *802
 
 assertion in their summary-judgment motions that Wilson did not have standing to assert a breach-of-contract claim because he was not a party to the alleged contract, Wilson asserts that he is entitled to maintain a breach-of-contract claim against the defendants because he was a third-party beneficiary of their alleged contract with the Association. He argues that, in seeking summary judgments, the defendants did not assert that he was not a third-party beneficiary of the alleged contract, and they did not submit any evidence negating Wilson’s status as a third-party beneficiary of the alleged contract. Thus, he argues, the defendants did not meet their initial burden of supporting their summary-judgment motions, and, as a result, he asserts, the burden never shifted to him to produce substantial evidence of his standing to pursue his breach-of-contract claim. He also argues that the defendants’ contention that he does not have standing to assert that claim on behalf of the Association is without merit because he is not asserting that claim on behalf of the Association; instead, he argues, he is asserting that claim on his
 
 own
 
 behalf for the damage that
 
 he
 
 sustained as a result of the defendants’ breach of their alleged contract with the Association.
 

 In
 
 Prowell v. Children’s Hospital of Alabama,
 
 949 So.2d 117 (Ala.2006), our supreme court quoted at length a passage from
 
 Ex parte General Motors Corp.,
 
 769 So.2d 903 (Ala.1999), that discussed, among other things, the burden borne by a party seeking a summary judgment:
 

 “In
 
 Ex parte General Motors Corp.,
 
 769 So.2d 903 (Ala.1999), this Court addressed this very issue, stating:
 

 “ ‘ “The manner in which the mov-ant’s burden of proof is met depends upon which party has the burden of proof (Justice Brennan’s ‘burden of persuasion’) at trial. If the movant has the burden of proof at trial, the movant must support his motion with credible evidence, using any of the materials specified in Rule 56(c), [Ala.] R. Civ. P. (‘pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits.’) The movant’s proof must be such that he would be entitled to a directed verdict if this evidence was not controverted at trial.
 

 “ ‘
 
 “If the burden of proof at trial is on the nonmovant, the movant may satisfy the Rule 56 burden of production either by submitting affirmative evidence that negates an essential element in the nonmovant’s claim, or, assuming discovery has been contemplated, by demonstrating to the trial court that the nonmovant’s evidence is insufficient to establish an essential element of the nonmovant’s claim ....
 

 [[Image here]]
 

 “ ‘ “The nonmovant may defeat a motion for a summary judgment that asserts that the nonmovant has no evidence to establish an essential element of his claim by directing the trial court’s attention to evidence of that essential element already in the record, that was ignored or overlooked by the movant, or may submit an affidavit requesting additional time for discovery, in an attempt to obtain some evidence of that essential element of the claim in accordance with Rule 56(f), [Ala.] R. Civ. P.
 

 “ ‘ “If the nonmovant cannot produce sufficient evidence to prove each element of its claim, the movant is entitled to a summary judgment, for a trial would be useless.” ’
 

 “769 So.2d at 909 (quoting and approving language from Justice Houston’s special writing in
 
 Berner v. Caldwell,
 
 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially), as a correct statement of the law).”
 

 
 *803
 
 949 So.2d at 127-28 (some emphasis in original; some emphasis added). Since Wilson bore the burden of proving his standing to pursue his breach-of-contract claim,
 
 see Ex parte Safeway Ins. Co. of Alabama, Inc.,
 
 990 So.2d 344, 349 (Ala.2008), the defendants, to obtain summary judgments on the issue of standing, were required to demonstrate that Wilson could not prove an essential element of his standing to pursue his breach-of-contract claim,
 
 see Prowell,
 
 949 So.2d at 127.
 

 C-Sharpe and Dobson attempted to establish a prima facie case that they were entitled to a summary judgment on the issue of standing with regard to Wilson’s breach-of-contract claim by arguing that Wilson was not a party to the contract that they allegedly breached. Wilson’s standing, however, was not premised on his having been a party to the alleged contract. Although the allegations of the complaint are sparse, a fair reading of the complaint indicates that, as the owner of a condominium unit located in The Breakers, Wilson was to benefit directly from the work done on The Breakers’ roof by the defendants. Implicit in that assertion is that Wilson, although not a party to the alleged contract between the Association and the defendants, was a third-party beneficiary of that contract.
 

 Standing as a third-party beneficiary of a contract is not premised on the beneficiary’s actually being a party to that contract.
 
 See Vesta Fire Ins. Corp. v. Milam & Co. Constr., Inc.,
 
 901 So.2d 84, 103 (Ala.2004) (“ ‘Alabama law is clear to the effect that one for whose benefit a valid contract has been made, although that person is not a party thereto and does not furnish any consideration therefor, may maintain an action on the contract against the promissor.’ ” (quoting
 
 Harris v. Board of Water & Sewer Comm’rs of Mobile,
 
 294 Ala. 606, 611, 320 So.2d 624, 628 (1975))). Thus, C-Sharpe and Dob-son’s contention in their summary-judgment motion that Wilson was not a party to their alleged contract with the Association does not effectively negate Wilson’s standing to pursue his breach-of-contract claim against them. As a result, summary judgment in their favor was not appropriate on this basis.
 

 C-Sharpe and Dobson also contended in their summary-judgment motion that Wilson did not have standing to pursue his breach-of-contract claim on behalf of the Association. A fair reading of the complaint, however, demonstrates that Wilson did not assert his breach-of-contract claim against the defendants on behalf of the Association; instead, he sought to recover for the damage that he had personally sustained as a result of the defendants’ breach of their alleged contract with the Association. As a result, C-Sharpe and Dobson’s argument in this regard did not demonstrate that they were entitled to a summary judgment. We therefore conclude that the portion of the summary judgment entered in favor of C-Sharpe and Dobson on Wilson’s breach-of-contract claim is due to be reversed.
 

 In its summary-judgment motion, Duro-Last made an argument with regard to Wilson’s breach-of-contract claim that the other two defendants did not make. Specifically, Duro-Last argued that Wilson did not have standing to pursue his breach-of-contract claim against it because it did not enter into a contract with the Association. It argued that Wilson could not have standing as a third-party beneficiary of a nonexistent contract. We conclude that this assertion effectively demonstrated a failure of Wilson’s standing as to his breach-of-contract claim against Duro-Last and shifted to Wilson the burden to put forth substantial evidence of his standing as a third-party beneficiary of a contract between the Association and Duro-
 
 *804
 
 Last. The record reflects that Wilson failed to proffer any such evidence. As a result, the trial court’s summary judgment in favor of Duro-Last as to Wilson’s standing to pursue his breach-of-contract claim against it is due to be affirmed.
 
 See Prowell,
 
 949 So.2d at 128 (indicating that summary judgment is appropriate when the burden of proof is shifted to the nonmov-ant and the nonmovant fails to carry that burden).
 

 Wilson next contends that the trial court erred when it entered summary judgments in favor of the defendants as to his standing to assert his negligence claims. As previously noted, the defendants argued that Wilson was without standing to pursue his negligence claims against them because the declarations provided that the Association was required to repair any incidental damage caused by the repair of common areas, such as the roof. Wilson argues that the declaration’s provision for such liability on the part of the Association does not deprive him of standing to seek recovery from the defendants for the damage they allegedly caused him. We agree.
 

 The provision of the declarations on which the defendants rely reads:
 

 “10.1(a). By the Association. The Association shall maintain, repair and replace at its expense all portions of a unit which are common elements, including without limitation:
 

 “(i) those portions contributing to the support of the building, which portions shall include, but not be limited to, the outside walls and roofs (including roof rafters) of the buildings ....
 

 [[Image here]]
 

 “Any incidental damage caused to a unit by such work shall be promptly repaired at the expense of the Association.”
 

 Although this provision of the declarations arguably requires the Association to
 
 repair
 
 the physical damage allegedly caused to Wilson’s condominium unit by the defendants’ negligent repair of the roof, the provision does not obligate the Association to indemnify the defendants for the kinds of damages alleged in the complaint (compensatory damages, lost income, lost profits, and lost business opportunities), and it does not otherwise relieve the defendants of liability for their alleged negligence. As a result, the defendants failed to demonstrate that Wilson was without standing to pursue his negligence claims against them, and the trial court erred when it entered summary judgments in their favor in that regard.
 

 We note that, on appeal, Duro-Last argues that, even if Wilson has standing to pursue his negligence claims against it, this court can affirm the trial court’s summary judgment in Duro-Last’s favor because, it argues, Wilson’s deposition testimony indicated that his unit did not sustain any water damage as a result of Duro-Last’s alleged negligence. Duro-Last cites
 
 General Motors Corp. v. Stokes Chevrolet,
 
 885 So.2d 119 (Ala.2003), for the proposition that this court can affirm the trial court’s summary judgment in Duro-Last’s favor on that basis even though the trial court did not rely on that basis when entering its judgment.
 

 The rule that this court can affirm a judgment on the basis of an argument that was not raised before the trial court
 

 “fails in application ... where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as ... where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant’s evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element.”
 

 
 *805
 

 Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C.,
 
 881 So.2d 1013, 1020 (Ala.2003) (citing
 
 Rector v. Better Houses, Inc.,
 
 820 So.2d 75, 80 (Ala.2001), and
 
 Kennedy v. Western Sizzlin Corp.,
 
 857 So.2d 71 (Ala.2008)). Because Duro-Last did not assert to the trial court that it was due a judgment as a matter of law on Wilson’s negligence claims because Wilson could not prove that its allegedly negligent actions caused him injury, the burden did not shift to Wilson to offer' evidence of such injury. As a result, we cannot affirm the trial court’s summary judgment in favor of Duro-Last on that basis.
 
 See Choice Builders, Inc. v. Complete Landscape Serv., Inc.,
 
 955 So.2d 437, 441 (Ala.Civ.App.2006) (“The other arguments that CLS raises in its appellee’s brief or in its brief in support of its application for rehearing were not argued at the trial-court level as a reason for entering a summary judgment against CBI; thus we will not now consider those arguments on appeal.”).
 

 Based on the foregoing, we affirm the trial court’s summary judgment in favor of Duro-Last on Wilson’s breach-of-contract claim; we reverse the trial court’s summary judgment in favor of Duro-Last on Wilson’s negligence claims; we reverse the trial court’s summary judgments in favor of C-Sharpe and Dobson; and we remand the cause for further proceedings.
 
 [2]
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . In its appellate brief, Duro-Last notes that the issue of standing relates to a court’s subject-matter jurisdiction and can be challenged by way of a motion to dismiss pursuant to Rule 12(b)(1), Ala. R. Civ. P. Thus, it invites this court to analyze the propriety of the trial court’s summary judgments as though the trial court had entered a judgment of dismissal pursuant to that rule. We decline to do so. The standard that a trial court applies when resolving a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is different than the standard applicable to the resolution of a motion for a summary judgment.
 
 Compare Ex parte Safeway Ins. Co. of Alabama, Inc.,
 
 990 So.2d 344, 348-50 (Ala.2008) (setting forth standard trial court applies in resolving motion to dismiss pursuant to Rule 12(b)(1))
 
 with Hollingsworth,
 
 826 So.2d at 789 (setting forth standard trial court applies in resolving a motion for a summary judgment). Most significantly for present purposes, although a trial court can, in certain circumstances, resolve factual disputes when determining whether to grant a motion to dismiss under Rule 12(b)(1),
 
 see Ex parte Safeway Ins. Co. of Alabama, Inc.,
 
 990 So.2d at 350, a court reviewing a motion seeking a summary judgment pursuant to Rule 56 does not resolve factual issues,
 
 see Hollingsworth,
 
 826 So.2d at 789.
 

 In the present case, the defendants sought summary judgments pursuant to Rule 56, not a dismissal of Wilson's action pursuant to Rule 12(b)(1). There is no indication that the trial court applied any standard other than what the parties urged it to apply, i.e., the standard contained in Rule 56, when resolving their motions. As a result, we will review this case under the standard applicable to summary judgments, not the standard applicable to motions to dismiss pursuant to Rule 12(b)(1).
 

 [2]
 

 . Because we are reversing the trial court's summary judgments in favor of C-Sharpe and Dobson for the reasons provided, we need not address Wilson’s contention that C-Sharpe’s joinder in Dobson’s motion for a summary judgment was procedurally defective.